```
                    United States District Court
                      District of Massachusetts
```

|  |  |
|---|---|
| **Alexis Casillas,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| **Kilolo Kijakazi,** *Acting* | ) 19-01169-NMG |
| *Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is a Petition for Authorization of an Attorney Fee Pursuant to the Social Security Act ("the Petition") filed by Pedro G. Cruz Sánchez ("Cruz" or "petitioner"). See Docket No. 24.  Petitioner seeks authorization to recover attorneys' fees in the amount of $13,000 pursuant to Section 206(b) of the Social Security Act. See 42 U.S.C. § 406(b)(1).  The government has filed a response which provides additional information about petitioner's request and the proceedings in this case. See Docket No. 26.  For the reasons that follow, the petition will be allowed, in part, and denied, in part.

- 1 -

## I. Petition for Authorization of Attorneys' Fees Pursuant to Section 206(b) of the Social Security Act (42 U.S.C. § 406)

The Petition presents two issues: 1) the assertion that the Petition, although filed on July 1, 2022, with respect to a Notice of Award ("NOA") dated February 3, 2021, was nevertheless timely and 2) the contention that the requested fee of $13,000 is reasonable. The Court concludes that the Petition is timely but will authorize payment of fees only in the amount of $7,850.

### A. Timeliness of the Petition

The Petition was submitted on July 1, 2022, more than one year after a NOA was sent to the plaintiff in February, 2021, advising plaintiff of the past-due benefits that had been awarded and the amount being withheld to pay potential attorneys' fees. Petitioner represents, however, that he did not receive the NOA until June 28, 2022, and has enclosed a notice from the Social Security Administration bearing that date.

The First Circuit Court of Appeals ("the First Circuit") has held that the "reasonable time" standard applied to Fed. R. Civ. P. 60(b) motions also applies to the timeliness of § 406(b) petitions. Pais v. Kijakazi, 52 F.4th 486, 490-92 (1st Cir. 2022). The First Circuit explained that a court must assess the reasonableness of delay in filing such a petition based upon the

circumstances present in each case, including "the local rules of the district where the petition was filed." Id. at 494, n.8.

Local Rule 9(d)(2) for the District of Puerto Rico, effective as of February, 2022, provides that:

> A party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld.

Thus, according to the pertinent local rule, the Petition was filed within the 30-day period after Cruz purportedly received the NOA. The Court concludes that the pending petition is timely under the "reasonable time" standard adopted by the First Circuit.

**B.  Reasonableness of the Requested Fee**

Cruz requests $13,000 in attorneys' fees for a purported 15.7 hours of compensable work on this matter. He correctly notes that the fee he seeks is less than the maximum possible fee of 25% of the past-due benefits awarded to plaintiff which would amount to $19,620. The Court nevertheless has a duty to determine whether the requested fee is reasonable or would yield, notwithstanding its compliance with the contingency agreement between petitioner and the plaintiff, an unreasonable windfall. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-08 (2002). There is no presumption that a fee request for less

than 25% of past-due benefits is reasonable. See Sierra-Veguilla v. Comm'r of Soc. Sec., No. 19-1068-BJM, 2022 U.S. Dist. LEXIS 116483, at *4 (D.P.R. June 30, 2022) (citing Gisbrecht, 535 U.S. at 807, n.17).

> A court may consider, inter alia,
>
> (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case.

Id. at *4 (citing Gisbrecht, 535 U.S. at 808).

Furthermore, the District of Puerto Rico Local Rule 9(d)(2)(A)(iii) requires that a petition for fees pursuant to § 406(b) shall include:

> An itemization of the time expended by counsel representing plaintiff in federal court, including a statement as to the effective hourly rate (as calculated by dividing the total amount requested by the number of hours expended), calculated only for the purpose of determining whether the requested fee is a windfall[.]

In the pending Petition, Cruz attests that he spent 15.7 compensable hours on the case resulting in a fee of $13,000. Although he does not supply the arithmetic, the de facto rate established by those amounts is $828 per hour.

Petitioner provides no details about the substance of his representation in this case but proffers in general terms that unspecified amounts of time were spent on meetings with respect to strategy in similar redetermination cases and that time was

- 4 -

spent "on the phone discussing the cases." Because of the sparsity of his description, Cruz has not demonstrated the reasonableness of his fee request. Based upon the record and the information provided in the Petition, the Court concludes that petitioner performed only minimal legal work in this matter. Specifically, after the initial complaint was filed, Cruz submitted: 1) a consent to proceed before a magistrate judge, 2) a consent motion to extend the case deadlines, 3) after multiple requests by this Court, a status report and 4) a consent motion to remand the matter to the Commissioner of Social Security.

Cruz cites Fields v. Kijakazi, 24 F.4th 845 (2d Cir. 2022), in support of his contention that the Court should not assess the reasonableness of his request based "entirely on" the de facto hourly rate. The Court has not done so and instead bases its determination upon the limited scope and substance of the legal representation provided in this matter. Moreover, Fields refers to several additional factors which could support or detract from the reasonableness of a fee request but Cruz makes no showing with respect to any of them. See id. at 854-56 (noting the relevance of, inter alia, the nature and length of the petitioner's professional relationship with the claimant, uncertainty about whether the case would result in an award and the "effort it took to achieve [the] result").

The Court will, therefore, authorize attorneys' fees of $7,850 under § 406(b), which represents a reasonable amount in this matter. See, e.g., Díaz v. Comm'r of Soc. Sec., No. 19-1139-MEL, 2022 U.S. Dist. LEXIS 25185, at *5-6 (D.P.R. Feb. 11, 2022) (denying fee request of $25,000 and authorizing fee of $6,180 where Cruz performed only boilerplate legal work before the case was remanded to the Commissioner of Social Security).

## ORDER

For the foregoing reasons, the petition for attorneys' fees under § 406(b) (Docket No. 24) is **ALLOWED,** but only to the extent of $7,850.  Petitioner is also ordered, pursuant to the Equal Access to Justice Act ("EAJA"), to return to the plaintiff the lesser fee he was awarded under the EAJA.

**So ordered.**

    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: May 8, 2023